GREGG A. THORNTON (SBN 146282)
gthornton@selmanlaw.com
DANIELLE K. LEWIS (SBN 218274)
dlewis@selmanlaw.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099

Attorneys for Defendant
City of Campbell

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINA RYSS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CAMPBELL, a municipal corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:17-cv-03989-SVK<br><br>**CONSENT DECREE AND FINAL ORDER** |

## **RECITALS**

On July 14, 2017, plaintiff Valentina Ryss ("Plaintiff") filed a Complaint against the City of Campbell (Defendant) in the United States District Court for the Northern District of California, bearing Case No. 5:17-cv-03989-SVK (hereinafter "the Action"). Said Complaint alleges causes of action for injunctive and declaratory relief, and seeks damages, statutory penalties and attorneys' fees as a result of Defendant's alleged violations of the Title II of the American's With Disabilities Act, 42 U.S.C. §12131 *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; California's Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*, California Civil Code § 51, *et seq.* and California Government Code § 11135. Specifically, Plaintiff alleges that Defendant has engaged in disability-based discrimination by failing to ensure the accessibility of its facilities on and about the Campbell Community Center, thereby preventing Plaintiff's access to that area.

Defendant denies any wrongdoing, illegal conduct or liability whatsoever on its part.

Plaintiff and Defendant (hereinafter "the Parties") have concluded that it is in their best interest to avoid protracted and costly litigation and to settle all of the disputes, differences and disagreements which exist between them arising out of the Action without a trial or adjudication on the merits. The Parties therefore consent to entry of this Stipulated Consent Decree and Order.

It is hereby ORDERED, ADJUDGED and DECREED:

## I. TERM, JURISDICTION AND DISMISSAL

A. The term of this Consent Decree shall be 3 years from the date of entry.

B. This Court has jurisdiction over the Parties and the subject matter of this Action. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable and monetary relief set forth in this Consent Decree. Venue is proper in this Court. All claims resolved by this Consent Decree shall be dismissed with prejudice upon the entry of this Order. This Court shall retain jurisdiction of the Action, however, during the duration of the Consent Decree, for the purpose of entering all orders that may be necessary to implement the relief provided for herein, to determine damages and attorney fees and costs, if any.

## II. INJUNCTION

A. On or before July 1, 2018 following the entry of this Order, Defendant shall:

1. Install ADA-compliant directional signs along paths of travel from the public right-of-way to the accessible areas those paths serve, which are conspicuous, reflective, permanently posted and incorporate the International Symbol of Accessibility (white on a dark blue background). Signs shall be installed at every primary public entrance, passenger drop-off and loading zone, as well as at every major junction where the accessible route of travel diverges from the regular circulation path.

2. Install and maintain painted striping on the ground, at least 48 inches wide, along the right side of the walkway, which is depicted in the left photograph on page 9 of the Joint Inspection Report, prepared by Mr. Bassam Altwal with CAL Accessibility, to instruct pedestrians using the

walkway that the right side of the walkway is ADA compliant. (See Exhibit 1 attached hereto.)

3. Install compliant signage and striping at disabled parking stalls to include:

   (1) painting a blue barrier on the ground around the loading and unloading access aisles,

   (2) painting in white letters no less than 12 inches on the ground the words "NO PARKING" within each loading and unloading access aisle and located such that it is visible to traffic enforcement officials,

   (3) painting a white profile view of a wheelchair with occupant on a blue background in each accessible parking space so that it is visible to a traffic enforcement officer when a vehicle is properly parked in the space and shall be 36 inches high by 36 inches wide,

   (4) adding additional signage below the existing accessibility signage to state "Minimum Fine $250.00."

4. Ensure that restrooms are ADA-compliant by confirming that:

   (1) the clear floor area on the pull side of doors shall have a length in the direction of the door swing of at least 60 inches, and a length opposite the direction of the door swing of 48 inches, as measured at right angles to the plane of the door in its closed position,

   (2) the width of the level area on the side to which the door swings shall extend 24 inches past the strike edge of the door for exterior doors and 18 inches past the strike edge for interior doors,

   (3) doors can be opened with 5 lbs. of pressure or less,

   (4) door closers to allow doors to close from a 90 degree open position to 3 inches from the latch in no less than 5 seconds,

   (5) the space between the grab bar and the top of the toilet tank shall be 1½ inches minimum,

3

CONSENT DECREE AND FINAL ORDER
5:17-cv-03989-SVK

(6) the seat cover dispenser to be at 40 inches in height of operable paper release, and to have 30 inches by 48 inches clear space in front of dispenser,

(7) the height of the soap dispenser to have operating mechanism at 40 inches maximum,

(8) the height of the paper towel dispenser to have operating mechanism at 40 inches maximum,

(9) the controls and operating mechanism of the paper towel dispenser shall be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist. The force required to activate the controls shall be no greater than 5 lbs. of force.

B. On or before July 1, 2019 following the entry of this Order, Defendant shall:

1. Remedy all abrupt vertical changes in the surface level of the exterior accessible routes, which are greater than ¼ inch, from the public right-of-way to the accessible areas those paths serve.

2. Remedy all abrupt vertical changes in the surface level of accessible areas which are greater than ¼ inch, including the exercise area along the running track.

3. Ensure at least 36 inches of space is provided at one side of each of the fitness machines located in the exercise area along the running track.

4. Remedy existing curb ramps serving disabled parking spaces to ensure that the slope of the curb ramps shall not exceed 1 unit vertical to 12 units horizontal (8.33%). The slope of the fanned or flared sides of the curb ramps shall not exceed 1 unit vertical to 10 units horizontal.

5. Construct one disable persons observation platform adjacent to the bleachers located at the running track, with at least one exterior accessible route from the public right-of-way to that platform.

///

### III. MISCELLANEOUS PROVISIONS

#### A. Calculation of Time

In computing any period of time prescribed or allowed by this Consent Decree, unless otherwise stated, such computation or calculation shall be made consistent with California Code of Civil Procedure §§ 12-13.

#### B. No Admission of Liability

This Consent Decree represents the compromise of disputed claims, which the Parties recognize would require protracted and costly litigation to determine. The Parties' entry into this Consent Decree is not, and may not be used by any person as, an admission or evidence that Defendant has engaged in any practice that violates any other state, federal or local law.

#### C. Deadlines

All time lines set forth in this Consent Decree are subject to extension by mutual agreement of the Parties, set forth in a writing signed by the Parties or their Counsel.

#### D. Entire Consent Decree

This Consent Decree contains the entire agreement between the Parties regarding all claims for injunctive relief that are being asserted in this Action, and it supersedes all negotiations, representations, discussions, understandings, contracts, or agreements, prior to the date of this Order. This Consent Decree may not be changed or modified, in whole or in part, except by an instrument in writing signed by the Parties or their Counsel.

#### E. Counterparts

This Consent Decree may be executed in one or more counterparts, each of which will be considered an original, but all of which, when taken together, will constitute one and the same instrument.

#### F. Construction

The terms of this Consent Decree are the product of joint negotiations and shall not be construed as having been authored by one party rather than another. The headings and sub-headings in this Consent Decree are solely for convenience and will not be considered in its interpretation. Where required by context, the plural includes the singular and the singular

includes the plural.

SO ORDERED, ADJUDGED AND DECREED, this 30th day of January, 2018.

*Susan van Keulen*
Honorable Susan van Keulen
United States District Magistrate Judge
Northern District of California

AGREED:

Dated: 1/19/2018, 2018    By: _____
Valentina Ryss
Plaintiff

Dated: 1/22/18, 2018    By: _____
Jesse Takahashi
For Defendant City of Campbell

AGREED TO IN FORM:

DATED: 1/19, 2018    ALLACCESS LAW GROUP

By: _____
Irene Karbelahsvili
Irakli Karbelashvili
Attorneys for Plaintiff
Valentina Ryss

DATED: 1-22, 2018    SELMAN BREITMAN LLP

By: _____
GREGG A. THORNTON
DANIELLE K. LEWIS
Attorneys for Defendant
City of Campbell

Selman Breitman LLP
ATTORNEYS AT LAW

380499.1 555.42564

**Exhibit 1**

## Exterior Accessible Route

| Location | Cost | Issue/Barrier | Code | Existing Condition | Scheduled Work Date | Notes |
|---|---|---|---|---|---|---|
| 1.4 | $5,000 | The cross slope of the accessible route is **GREATER** than 1:50 or 2%. | | 3.3% from ADA parking to stadium | | Surface cross slopes shall not exceed ¼ in. (6 mm) per ft. |



9

GREGG A. THORNTON (SBN 146282)
gthornton@selmanlaw.com
DANIELLE K. LEWIS (SBN 218274)
dlewis@selmanlaw.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099

Attorneys for Defendant
CITY OF CAMPBELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINA RYSS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CAMPBELL, a municipal corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:17-cv-03989 SVK<br><br>PROOF OF SERVICE<br><br>[FILED AND SERVED CONCURRENTLY WITH CONSENT DECREE AND FINAL ORDER] |

1

# PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

*Valentina Ryss v. City of Campbell*
U.S. District Court – Northern District of California Case No. 5:17-cv-03989 SVK
Defendant: City of Campbell

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA, 94105.

On January 25, 2018, I electronically served the document(s) via File & ServeXpress described as: **CONSENT DECREE AND FINAL ORDER** on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 25, 2018, at San Francisco, California.

Teresa Sloop